IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Anthony O.,<br><br>         *Plaintiff*,<br><br>V.<br><br>Frank J. Bisignano,<br>Commissioner of Social Security,<br><br>         *Defendant*. | Case No. 3:23-cv-50102<br><br>Honorable Michael F. Iasparro |

**MEMORANDUM OPINION AND ORDER**

  Plaintiff Anthony O. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying his applications for supplemental security income and disability insurance benefits.[1] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

**BACKGROUND**

  Plaintiff protectively filed applications for supplemental security income and disability insurance benefits, alleging an amended disability onset date of February 19, 2021. R. 37, 226-243. Following a hearing, an administrative law judge ("ALJ") issued a decision in August 2022, finding that Plaintiff was not disabled. R. 15-25. The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and osteoarthritis of the left knee. R. 20. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. R. 21. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> he requires alternating from standing/walking every 30 minutes to sit for 2-3 minutes before returning to standing/walking; no more than occasional pushing/pulling with the left lower extremity; no more than occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; no more than occasional balancing, stooping, kneeling, crouching, or crawling; no work at unprotected heights or near moving mechanical parts; and occasional exposure to vibration.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). *See* Dkt. 15.

1

R. 21. The ALJ determined that Plaintiff had no past relevant work, but that there were other jobs that existed in significant numbers in the national economy that he could perform. R. 23-24.

The Appeals Council denied Plaintiff's request for review on January 31, 2023, making the ALJ's decision the final decision of the Commissioner. R. 1-4; 20 CFR § 404.900(a)(5). Plaintiff then filed this action seeking judicial review. Dkt. 1.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff challenges the Commissioner's decision, arguing that the ALJ's RFC determination was flawed because the ALJ did not provide adequate explanation nor did the ALJ support his determination with any medical opinion. As explained below, the Court agrees that the ALJ's analysis was inadequate, and a remand is required.

A claimant's RFC is the maximum work he can perform despite any limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996). An ALJ's determination of a claimant's RFC is "subject to only the most minimal of articulation requirements." *Warnell*, 97 F.4th at 1053. However, an ALJ still "must build a 'logical bridge' from the evidence to [his] conclusion by providing an explanation sufficient to allow [the Court] to assess the validity of the ultimate findings and afford meaningful review." *Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025). While "a claimant's RFC is a matter for the ALJ alone . . . to decide," ALJs will often incorporate the RFC findings of at least one medical source opinion. *Moy v. Bisignano*, 142 F.4th 546, 554 (7th Cir. 2025). This is because an ALJ is "not qualified or authorized to determine," without relying on an expert opinion, "the

significance of particular medical findings themselves." *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016).

Here, the only medical opinions available to the ALJ were two state agency medical consultants' opinions which the ALJ found not persuasive because "evidence submitted since the date of [their opinions] shows the claimant's physical impairments to result in greater functional restrictions." R. 23. Thus, the ALJ could not determine the significance of any particular medical findings and was largely left with Plaintiff's own reports of his limitations. This certainly made the burden more difficult for Plaintiff but even so, the ALJ still must discuss his determination of the consistency between Plaintiff's allegations and the evidence, and "give specific reasons supported by the record" in making this determination. *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015).

At the hearing, Plaintiff testified that he could stand for thirty minutes but would then need a sitting break for "about 30 minutes" before being able to stand again. R. 48. Plaintiff also explained that he needed to lay down for "maybe two hours" every day and could not lift more than seven pounds without straining his back. R. 48-49. When it came time for the ALJ to pose hypotheticals to the vocational expert ("VE"), the ALJ asked the VE to consider an individual who could stand or walk for thirty minutes before needing a sitting break of two to three minutes, which was not consistent with Plaintiff's testimony. R. 57. While the ALJ certainly seemed to accept some of Plaintiff's testimony as he referenced (albeit inaccurately) this sit-stand limitation, the ALJ did not incorporate into the RFC any limitation on Plaintiff's lifting beyond that included in a light exertional level,[2] nor did the ALJ account for Plaintiff's reported need to lie down for up to two hours at a time. Most glaringly, the ALJ did not specifically discuss Plaintiff's reported need to have a thirty minute break to sit before returning to standing. It is unclear from where in the record the two to three minute rest limitation the ALJ included in the RFC was derived.

The Commissioner asserts that "the ALJ reasonably considered the evidence . . . and reached a well-supported decision" but ultimately, "it was [P]laintiff's burden to prove disability" and he did not do so. Dkt. 25, at 5-6. The burden fell on Plaintiff to "present evidence of limitations affecting [his] capacity to work." *Thorlton*, 127 F.4th at 1081. Plaintiff "did produce evidence in the form of [his] own testimony." *Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir. 2011). The ALJ summarized some of this testimony and explained that Plaintiff's reported symptoms "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. 22. This is "the type of boilerplate language that [the Seventh Circuit has] consistently criticized." *Jarnutowksi v. Kijakazi*, 48 F.4th 769, 775 (7th Cir. 2022). Although the use of this language alone does not warrant remand, the ALJ must "otherwise justify his decision to discredit Plaintiff's symptoms." *Id.* The ALJ did not do so.

Instead, the ALJ summarized the medical evidence and noted Plaintiff's lack of treatment and complaints made to his physicians. R. 22-23. An ALJ is certainly permitted to summarize the medical evidence in the record. *See Gedatus v. Saul*, 994 F.3d 893, 901 (7th Cir. 2021) (explaining

---

[2] According to Social Security Regulations, light work limits a claimant to lifting twenty pounds occasionally and ten pounds frequently. 20 C.F.R. § 404.1567(b); *DI 25001.001 Medical and Vocational Quick Reference Guide*, Social Security Program Operations Manual System (effective 1/3/2025), https://secure.ssa.gov/apps10/poms.nsf/lnx/0425001001 [https://perma.cc/GZR8-AQLV].

3

that "summaries are appropriate" even when "partial and selective"). However, the ALJ must point to particular inconsistencies that support his decision to discount Plaintiff's subjective complaints. *See Thorlton*, 127 F.4th at 1082 ("When an ALJ rejects a claimant's testimony as not credible, they must articulate the reasons for that finding."). Here, the ALJ provided three main considerations for having determined that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." R. 22.

First, the ALJ explained that "the claimant *only* underwent x-rays of the lumbar spine that revealed possible sacralization of L5, decreased height of the L5 vertebra, and neural foraminal narrowing at L4-5 and L5-S1" and did not undergo an MRI as recommended. R. 22 (emphasis added). The Court will give the ALJ the benefit of the doubt and assume that he was not playing doctor and interpreting this x-ray evidence without a medical opinion on which to rely. *See Israel v. Colvin*, 840 F.3d 432, 439 (7th Cir. 2016) ("There is always a danger when lawyers and judges attempt to interpret medical reports."). Instead, the Court will focus on the ALJ's reliance on Plaintiff's failure to undergo an MRI despite having a recommendation to do so.

This failure to follow a treatment plan can certainly cut against Plaintiff's allegations of symptoms. *See Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3p (S.S.A. Oct. 25, 2017). "However, the ALJ must not draw any inferences about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care." *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008) (internal quotation marks omitted). During the hearing, the ALJ elicited testimony from Plaintiff about his reasons for not following the recommendation to get an MRI to which Plaintiff responded that there were "a lot of bells and whistles." R. 45. The ALJ seemingly drew a negative inference from Plaintiff's failure to follow this recommendation but did not outline how he considered Plaintiff's explanation in his evaluation. *See* SSR 16-3p ("[W]e will explain how we considered the individual's reasons [for not pursuing treatment] in our evaluation of the individual's symptoms.").

Second, the ALJ drew a negative inference from Plaintiff's "gap of complaints or treatment for back pain" between October 2020 and November 2021. R. 22. The ALJ also pointed to Plaintiff's failure to continue with his physical therapy after his singular visit in December 2021. *Id.* The ALJ "neither questioned [Plaintiff] about his lack of treatment . . . during that period, nor did []he note that a number of medical records reflected that [Plaintiff] had reported" that physical therapy made his symptoms worse, which Plaintiff reiterated in his hearing testimony. *Craft*, 539 F.3d at 679; *see also* R. 490 ("[Patient] did not wish to continue with therapy at this time noting that he has previous[ly] been in therapy which only made his symptoms worse."); R. 45 ("That put me in more pain, physical therapy.").

The ALJ also pointed to Plaintiff's lack of "persistent complaints of left knee pain." R. 22-23. Once again, the ALJ failed to consider possible reasons for this deficiency and did not ask Plaintiff for an explanation. The ALJ even cited Plaintiff's physical therapy records, pointing out that they made "no mention of treatment for the left knee." R. 23. While those notes did not specifically outline physical therapy for Plaintiff's left knee, they did mention that Plaintiff reported his "left knee is bone on bone." R. 490. The ALJ did not discuss the evidence from the same therapy records indicating Plaintiff chose to discontinue therapy because it only made his symptoms worse.

4

To be clear, on remand the ALJ may very well determine that Plaintiff's reported symptoms are inconsistent with the record and that the limitations Plaintiff testified to need not be included in his RFC. However, this determination must be "reasoned and supported." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Without this reason and support, the Court is unable to determine if "the ALJ fulfilled his obligation to ensure the VE was apprised fully of the claimant's limitations so the expert could offer a reliable opinion about jobs claimant could perform." *Moy*, 142 F.4th at 553 (citation modified). Thus, this error cannot be deemed harmless.

As the ALJ's lack of explanation necessitates a remand, the Court has no need to discuss Plaintiff's alternative arguments. Nonetheless, the Court sees it appropriate to draw attention to a few additional omissions to hopefully facilitate the remand. First, when considering Plaintiff's subjective symptoms, the ALJ should be sure to discuss the appropriate factors including: (1) Plaintiff's daily activities; (2) the location, duration, frequency, and intensity of Plaintiff's pain and other symptoms; (3) precipitating and aggravating factors; (4) Plaintiff's medications; (5) Plaintiff's other treatments; (6) any of Plaintiff's pain-relieving measures; and (7) any other relevant factors. 40 C.F.R. § 404.1529; *see also, e.g., Villano v. Astrue*, 556 F.3d 558, 562-63 (7th Cir. 2009). The Commissioner contends that the ALJ did conform with this requirement, but the Court does not find this to be true.

Despite eliciting relevant testimony, the ALJ's opinion did not include any reference to Plaintiff's daily activities, which reportedly include lying around, occasional trips to the store with the help of an electric scooter, watching television, and only minimal ability to help with household chores. *See* R. 50-51, 300-301. The ALJ also failed to discuss Plaintiff's use of painkillers and injection treatments. *See* R. 42, 367, 426; *Prill v. Kijakazi*, 23 F.4th 738, 749 (7th Cir. 2022). Moreover, as discussed above, the ALJ also failed to consider possible reasons for Plaintiff's non-compliance and dearth of treatment or complaints. To be clear, the ALJ is not required to discuss each of these factors in depth, but he must provide enough valid reasons in support of his subjective symptom analysis to help build the "logical bridge" to his conclusion. *See Halsell v. Astrue*, 357 Fed. App'x 717, 722 (7th Cir. 2009) (unpublished) ("Not all of the ALJ's reasons must be valid as long as enough of them are.").

On remand, the ALJ should also take care to properly evaluate the medical opinions. The Commissioner relies on Seventh Circuit precedent to assert that the ALJ could create his own RFC determination without "rely[ing] entirely on a particular physician's opinion or choos[ing] between the options." Dkt. 25, at 4 (quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)). As discussed above, while it is true that the ALJ, and the ALJ alone, is tasked with crafting Plaintiff's RFC, the ALJ is also required to "explain how [he] considered the supportability and consistency factors" for a medical opinion or prior administrative medical findings. 20 C.F.R. § 404.1520c(b)(2); *see also Jones v. Dudek*, 134 F.4th 991, 994 (7th Cir. 2025). Here, the ALJ explained that evidence submitted after the state agency consultants completed their reports is what led him to find those consultants' reports unpersuasive. R. 23. The disconnect is that the ALJ pointed out that "evidence submitted since the date of [those assessments] show[ed] the claimant's physical impairments to result in *greater* functional restriction" without adequately explaining what in the record the ALJ relied on to find those restrictions. *Id.* (emphasis added).

If the ALJ properly evaluates the supportability and consistency of the medical opinions and still finds them to be not persuasive, the ALJ must take care to avoid "playing doctor by using

5

his own opinions to fill evidentiary gaps in the record." *Suide v. Astrue*, 371 Fed. App'x 684, 690 (7th Cir. 2010) (unpublished) (citation modified). With no persuasive medical opinions on which to rely, the ALJ should be especially careful to support his RFC determination by "consider[ing] all limitations supported by the record evidence" and "[tying] the record evidence to the limitations included in the RFC finding." *Jozefyk v. Berryhill*, 923 F.3d 492, 497-98 (7th Cir. 2019).

Because the Court cannot afford Plaintiff with the meaningful review to which he is entitled, this application must be remanded. In remanding, the Court is not opining that Plaintiff is disabled, that there is an evidentiary deficit, or even that the language in the RFC fails to adequately account for any limitations. The Court is simply requiring the ALJ to adequately support and explain his determination of Plaintiff's RFC. Plaintiff's counsel should raise any arguments not addressed herein with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise any such issues may result in a waiver if this case is again appealed to this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reversal and remand is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this opinion.

Entered: July 25, 2025       By: _____
                                 Michael F. Iasparro
                                 United States Magistrate Judge